1  James A. Hennefer (SBN 59490)
   HENNEFER, FINLEY & WOOD, LLP
2  425 California Street, 19th Floor
   San Francisco, CA 94104-2296
3  Telephone: (415) 421-6100
   Facsimile: (415) 421-1815
4  jhennefer@hennefer-wood.com

   Harry I. Price, Esq. (SBN 77817)
   Matthew E. Coleman, Esq. (SBN 187264)
   PRICE LAW FIRM
   40 Main Street
   Los Altos, California 94022
   Telephone: (650) 949-0840
   Facsimile: (650) 949-0844

5  Counsel for Mohamed Poonja,
   Chapter 7 Trustee for San Jose Airport
6  Hotel, LLC, dba Holiday Inn San Jose, and
   Mobedshahi Hotel Group

   Attorneys for Defendants,
   Infinity HI, LLC, Global Enterprises LLC,
   Ramani Intenational, LLC, 2720 Uridias Ranch, LLC
   Ajan P. Shingal, and Myra Shingal

7

8

9           IN THE UNITED STATES BANKRUPTCY COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  In re:

14  SAN JOSE AIRPORT HOTEL, LLC, dba
    HOLIDAY INN SAN JOSE,

15

16                                    Debtors.

17

18  MOHAMED POONJA, Chapter 7 Trustee for
    SAN JOSE AIRPORT HOTEL, LLC, dba
19  HOLIDAY INN SAN JOSE, Debtor, and
    MOBEDSHAHI HOTEL GROUP, Debtor,

20
                      Plaintiff,
21  vs.

22  INFINITY HI, LLC, a California limited
    liability company; GLOBAL 360
23  ENTERPRISES, LLC, a California limited
    liability company; RAMINI
24  INTERNATIONAL, LLC, a California
    limited liability company; 2720 URIDIAS
25  RANCH, LLC, a California limited liability
    company; AJAY P. SHINGAL, an individual;
26  and MIRA SHINGAL, a/k/a Myra Shingal and
    Myra Trypathi, an individual,

27
                      Defendants
28

Chapter 7

Case No. 09-51045-SLJ

(Jointly Administered with
 Case No. 09-51073-SLJ )

Adv. Pro. No.  11-05198


STIPULATION AND [PROPOSED]
ORDER WITHDRAWING REFERRAL
TO BANKRUPTCY COURT

28 U.S.C. §157(d)
Northern District General Order 24

---

STIPULATION AND [PROPOSED] ORDER WITHDRAWING
REFERRAL TO BANKRUPTCY COURT

*In re San Jose Airport Hotel*, Adv. No. 11-05198

In order to conserve the parties' and the Court's time and resources, and without prejudice to any clams or defense and reserving any claims or defenses each may have, Plaintiff and Defendants in above-captioned case, enter into this stipulation with reference to the following facts.

1.     On February 18, 2009, San Jose Airport Hotel, LLC filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the above-entitled Bankruptcy Court, commencing the chapter 11 case of *In re San Jose Airport Hotel, LLC, dba San Jose Airport Hotel, Debtor*, case no. 09-51045-SLJ (the "SJAH Chapter 11 Case"). The SJAH Chapter 11 Case was converted to a case under chapter 7 of the Bankruptcy Code on May 7, 2010.

2.     On February 19, 2009, the Mobedshahi Hotel Group filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the above-entitled Bankruptcy Court, commencing the chapter 11 case of *In re Mobedshahi Hotel Group*, case no. 09-51073-SLJ (MHG Chapter 11 Case'). The MHG Chapter 11 Case was converted to a case under chapter 7 of the Bankruptcy Code on May 13, 2010.

3.     Mohamed Poonja was appointed trustee of the SJAH estate by the acting United States Trustee on May 12, 2010 and was certified and qualified as the same.

4.     Mohamed Poonja was appointed trustee of the MHG estate by the acting United States Trustee on May 18, 2010 and was certified and qualified as the same.

5.     The complaint in this adversary proceeding, Adv. Pro. No. 11-05198, was filed on June 29, 2011.

6.     Pursuant to 28 U.S.C. § 157(a), General Order 24 for the United States District Court for the Northern District of California provides:

> 1.01 CASES AND PROCEEDINGS UNDER TITLE 11, UNITED STATES CODE
> This court hereby refers to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11.

7.     On June 23, 2011 the United States Supreme Court decided *Stern v. Marshall*, ___ U.S., 131 S. Ct. 2594, 180 L.Ed. 475 (2011) regarding the authority of a United States Bankruptcy Court under Article III of the United States Constitution to enter final judgments in adversary proceedings.

STIPULATION AND [PROPOSED] ORDER WITHDRAWING          *In re San Jose Airport Hotel*, Adv. No. 11-05198
REFERRAL TO BANKRUPTCY COURT
Case: 11-05198    Doc# 29    Filed: 02/23/12    Entered: 02/23/12 13:30:51    Page 2 of 6
-2-

Case: 11-05198    Doc# 37    Filed: 05/15/12    Entered: 09/18/12 16:05:42    Page 2 of 4

1     8.     On December 12, 2011, after briefing by counsel for both sides on the jurisdiction and

2 authority of the Bankruptcy Court to hear the matter and enter final judgments in this adversary

3 proceeding, Judge Steven L. Johnson determined that this adversary proceeding was "related to" the

4 underlying title 11 cases and although the District Court has jurisdiction of the case, the Bankruptcy

5 Court does not have the authority to enter final judgment.

6     9.     28 U.S.C. § 157(d) provides that:

7     **(d)** The district court may withdraw, in whole or in part, any case or proceeding
referred under this section, on its own motion or on timely motion of any party, for

8     cause shown. The district court shall, on timely motion of a party, so withdraw a
proceeding if the court determines that resolution of the proceeding requires

9     consideration of both title 11 and other laws of the United States regulating
organizations or activities affecting interstate commerce.

10

11     Based on the foregoing, the parties to this adversary proceeding

12 HEREBY STIPULATE TO THE FOLLOWING:

13     a.     Defendants preserve all defenses, including lack of jurisdiction, to the claims asserted

14     in the Complaint herein;

15     b.     Defendants do not admit the truth of any of the allegations in the Complaint herein; and

16     c.     The District Court, pursuant to 28 U.S.C. §157(d), shall withdraw the reference of this

17     adversary proceeding to the Bankruptcy Court.

18

19 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

20

21 Dated: February 23, 2012                PRICE LAW FIRM

22

23     By:_____ /s/ Matthew E. Coleman_____

24                     Matthew E. Coleman

25     Attorneys for Defendants,
Infinity HI, LLC, Global Enterprises LLC,

26     Ramani Intenational, LLC, 2720 Uridias Ranch, LLC
Ajan P. Shingal, and Myra Shingal

27

28

Stipulation and [Proposed] Order Withdrawing     *In re San Jose Airport Hotel*, Adv. No. 11-05198
Referral to Bankruptcy Court

Case: 11-05198   Doc# 29   Filed: 02/23/12   Entered: 02/23/12 13:30:51   Page 3 of 6
-3-

Case: 11-05198   Doc# 37   Filed: 05/15/12   Entered: 09/18/12 16:05:42   Page 3 of 4

| | |
|---|---|
| 1 | Dated: February 23, 2012 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

Dated: February 23, 2012    HENNEFER FINLEY & WOOD LLP

By:_____/s/ James A. Hennefer_____
           James A. Hennefer

Attorneys for Plaintiff
Counsel for Mohamed Poonja,
Chapter 7 Trustee for San Jose Airport
Hotel, LLC, dba Holiday Inn San Jose, and
Mobedshahi Hotel Group

9    IT IS SO ORDERED:

11   Dated:____May 15____2012    By_____
                                    United States District Court Judge

Case: 11-05198    Doc# 37    Filed: 05/15/12    Entered: 09/18/12 16:05:42    Page 4 of 4